935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHRYSLER MOTORS CORPORATION, Plaintiff-Appellee.
v.
WESTERN MOTOR PARTS OF DALLAS, INC., a Texas Corporation,
d/b/a Western Motor Parts of Arlington, and Thomas
C. Shelton, Defendants-Appellants,
 No. 90-1703.
 United States Court of Appeals, Sixth Circuit.
 June 4, 1991.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Chrysler sued Western Motor Parts and its sole shareholder, Thomas Shelton, alleging that Western had sold parts in the United States that it purchased from Chrysler at a discount price for export use only. The defendants counterclaimed asserting that the agreement not to sell the parts domestically violated the Sherman act. After discovery, plaintiff moved for summary judgment on the claim and counterclaim, and the motion was granted.
 
 
 2
 Shelton appeals the summary judgment against him individually because he asserts that Chrysler did not prove individual liability. Under Federal Rule of Civil Procedure 56(e), when presented with a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e) (emphasis added). In this case, Shelton did not raise an issue of fact regarding his individual liability in his pleadings or in his brief in opposition to the summary judgment motion. Therefore, summary judgment was properly entered against him.